AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Middle District of Georgia

UNITED STATES OF AMERICA
v.
CHRISTOPHER WHITMAN

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:14-CR-00001-001

USM Number: 97202-020

EDWARD T.M. GARLAND, DONALD F. SAMUEL
ROBERT M. MARGESON, III, & MATTHEW D. DALEY
Defendant's Attorneys

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☒ was found guilty on count(s) 1s-30s, 31s, 32s, 33s, 35s-47s, 48s-49s, 51s, 52s, 53s, 54s-56s after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1343 and 18 U.S.C §1346 | SCHEME TO DEPRIVE THE UNITED STATES OF MONEY, PROPERTY, AND HONEST SERVICES BY WIRE FRAUD | June 2012 | 1s-30s, 35s-47s |
| 18 U.S.C. §201(b)(1) | BRIBERY | May 2012<br>March 2011 | 31s, 32s, 33s,<br>48s-49s |
| 18 U.S.C. §641 | THEFT OF GOVERNMENT PROPERTY | June 2012 | 51s |
| 18 U.S.C. §1512 | OBSTRUCTION OF JUSTICE | June 2012 | 52s, 54s-56s |
| 18 U.S.C. §1519 | DESTRUCTION OF RECORDS IN FEDERAL INVESTIGATION | June 2012 | 53s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

09/10/2015
Date of Imposition of Judgment

W. Louis Sands
Signature of Judge

W. LOUIS SANDS, SENIOR U.S. DISTRICT JUDGE
Name and Title of Judge

10/13/15
Date

DEFENDANT: CHRISTOPHER WHITMAN
CASE NUMBER: 1:14-CR-00001-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**Counts 1s-30s:** 240 months imprisonment as to each count to be served concurrently with each other except Count 53s.
**Count 31s:** 180 months imprisonment to be served concurrently with all other counts except Count 53s.
**Count 32s:** 180 months imprisonment to be served concurrently with all other counts except Count 53s.
**Count 33s:** 180 months imprisonment to be served concurrently with all other counts except Count 53s.
**Counts 35s-47s:** 240 months imprisonment as to each count to be served concurrently with all other counts except Count 53s.
**Counts 48s-49s:** 180 months imprisonment as to each count, to be served concurrently with all other counts except Count 53s.
**Count 51s:** 120 months imprisonment to be served concurrently with all other counts except Count 53s.
**Count 52s:** 240 months imprisonment to be served concurrently with all other counts except Count 53s.
**Counts 45s-56s:** 240 months imprisonment to be served concurrently with all other counts except Count 53s.
**Count 53s:** 24 months imprisonment to be served consecutively to Counts 1s-30s, 35s-47s, Count 52s and Counts 45s-56s, for a TOTAL SENTENCE OF 264 MONTHS.

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be placed at FCI Talladega, if possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CHRISTOPHER WHITMAN
CASE NUMBER: 1:14-CR-00001-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CHRISTOPHER WHITMAN
CASE NUMBER: 1:14-CR-00001-001

## SPECIAL CONDITIONS OF SUPERVISION

You shall provide financial information to the Probation Officer upon request.

You are prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office.

DEFENDANT: CHRISTOPHER WHITMAN
CASE NUMBER: 1:14-CR-00001-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 5,400.00 | $ | $ 18,860,313.75 |

☐ The determination of restitution is deferred until ________ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U.S. Department of Defense<br>c/o the U.S. Attorney's Office<br>for the Middle District of<br>Georgia<br>Post Office Box 1702<br>Macon, Georgia 31202-1702 | $18,860,313.75 | $18,860,313.75 | |
| **TOTALS** | $ 18,860,313.75 | $ 18,860,313.75 | |

☐ Restitution amount ordered pursuant to plea agreement $ ________________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for ☐ fine ☒ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CHRISTOPHER WHITMAN
CASE NUMBER: 1:14-CR-00001-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ ____________ due immediately, balance due

☐ not later than ____________________ , or
☐ in accordance ☐ C, ☐ D ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal __________ *(e.g., weekly, monthly, quarterly)* installments of $ __________ over a period of __________ *(e.g., months or years)*, to commence __________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal __________ *(e.g., weekly, monthly, quarterly)* installments of $ __________ over a period of __________ *(e.g., months or years)*, to commence __________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within __________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Any criminal monetary penalty ordered by the court shall be due and payable in full immediately. Present and future Assets are subject to enforcement and may be included in the treasury offset program allowing qualified federal benefits to be applied to the balance of criminal monetary penalties.

Payment during the term of supervised release will commence within 60 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time. (fine/restitution) payment shall be due during the period of imprisonment at the rate of not less than $25 per quarter and pursuant to the bureau of prisons' financial responsibility program. The value of any future assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the treasury offset program, allowing qualified benefits to be applied to offset the balance of any criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

As to Christopher Whitman, the total amount is $18,860,313.75. Of that amount, $513,600.00 is joint and several with Bradford Newell case #1:14-CR-1-3. As to Shawn McCarty, case# 1:14-CR-1-2, $15,410,151.55 is joint and several with Christopher Whitman. Restitution is to be paid to U.S. Department of Defense c/o the U.S. Attorney's Office for the Middle District of Georgia Post Office Box 1702, Macon, Georgia 31202-1702.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

UNITED STATES OF AMERICA, :
:
v. : Case No.: 1:14-cr-1 (WLS)
:
CHRISTOPHER WHITMAN, :
SHAWN MCCARTY, and :
BRADFORD NEWELL, :
:
Defendants. :
:

## ORDER

The above-named Defendants were sentenced on September 11, 2015. The Parties have filed a Joint Motion to Enter a Consent Order and Declaration of Restitution. (Docs. 236, 236-1.) The Court **GRANTS** that Motion (Doc. 236) and enters the following restitution order, which shall be attached to and made a part of the judgment against each Defendant.

In its September 15, 2015 Order, the Court found that Defendant McCarty's proper restitution amount is equal to the money judgment entered against him. (Doc. 231 at 2-3.) However, the Court found based upon the record as it stood that Defendant Newell should be responsible for $1,108,000 in restitution rather than the $513,600 amount of his money judgment. (*Id.* at 3.) Likewise, as to Defendant Whitman the Court found that the preponderance of the evidence in the record at the time established only that Whitman should be ordered to pay $1,108,000, the total amount of money for which the equipment stolen through the theft scheme was resold.

The Parties' jointly proposed consent order and declaration of restitution lists restitution amounts for each Defendant equal to his money judgment amount. (Doc. 236-1 at 2.) The proposed order does not address the Court's earlier findings, based on a preponderance of the evidence in the record, as to Defendants Newell and Whitman's restitution amounts.

The Court noted in its September 15, 2015 Order that the Government must prove the restitution amount by a preponderance of the evidence. 18 U.S.C. § 3664(e). The Court also noted that district courts are directed to "engage in an expedient and reasonable determination of appropriate restitution by resolving uncertainties with a view toward achieving fairness to the victim." *United States v. Huff*, 609 F.3d 1240, 1247 (11th Cir. 2010) (quoting *United States v. Gordon*, 393 F.3d 1044, 1047 (9th Cir. 2004)).

As to Defendant Newell, $513,600.00 is the total amount of money transmitted via interstate wires in connection with the purchase of equipment stolen through the theft scheme. (Doc. 75 at 31.) While the Court found in its September 15, 2015 Order that Newell should be obligated to pay $1,108,000 in restitution, an amount that reflects "the value of the property on the date of the . . . loss," the Government continues to maintain that it does not seek this amount in restitution from Newell. Since the Government is the victim here, the Court finds that "resolving any uncertainties with a view toward achieving fairness to the victim" while also engaging in an expedient and reasonable determination of the appropriate restitution amount necessitates finding that Newell should only be required to pay the amount the Government maintains he should have to pay –$513,600.00.

As to Defendant Whitman, the Court ordered restitution in the amount of $18,860,313.75. However, in its September 15, 2015 Order, the Court found that the evidence presented at trial and at the sentencing hearing did not demonstrate the amount of *excess* profit Whitman earned through the transportation scheme and therefore that the preponderance of the evidence in the record established only that Whitman should be ordered to pay $1,108,000 in restitution, the total amount of money for which the equipment stolen through the theft scheme was resold. Here, the Government has not sought to remedy the absence of evidence of the transportation scheme excess profit amount by presenting evidence but rather by filing a proposed consent order (Doc. 236-1), which the Court construes as a stipulation of fact as to Whitman's appropriate restitution amount. The Court therefore finds that a preponderance of the evidence in the record demonstrates that Whitman should be ordered to pay $18,860,313.75 in restitution.

For the above-stated reasons and findings, together with the reasons and findings as to Defendant McCarty stated in the Court's September 15, 2015 Order (Doc. 231), the Court **ORDERS** the following, which is ordered and declared by consent of the Parties:

1. The proper restitution amounts in this case are equal to the money judgment amounts contained in the forfeiture orders. (Docs. 195, 196, 197.) The defendants will pay restitution in the following amounts:
   a. Christopher Whitman: $18,860,313.75;
   b. Shawn McCarty: $15,410,151.55; and
   c. Bradford Newell: $513,600.

2. A portion of the restitution amount, $15,410,151.55, shall be paid jointly and severally by Christopher Whitman and Shawn McCarty.

3. A portion of the restitution amount, $513,600, shall be paid jointly and severally by Christopher Whitman and Bradford Newell.

4. It is the intent of the Defendants and the Government that the Defendants not be liable for the same amount twice through restitution and forfeiture.

5. Although each Defendant's judgment and commitment order will include the same amounts for both restitution and forfeiture, because the United States is the victim in this case, the Government will not seek to recover from the Defendants more than the amount of forfeiture, which it may seek to recover by any lawful means. Further, the Government will recommend to the Attorney General that the restoration process, which authorizes the use of forfeited funds to pay restitution to the victim of a criminal offense, be used to properly allocate any monies recovered by forfeiture to each Defendant's restitution obligation.

6. The Defendants' prison pay will be deducted in accordance with the Court's order at the sentencing hearing, and will be deducted from the forfeiture obligation.

7. The Court will issue a Judgment and Commitment Order that includes the above-stated restitution amounts, consistent with what it ordered at the sentencing hearing. The Judgment and Commitment Order will note that restitution is payable to the U.S. Department of Defense, c/o the U.S. Attorney's Office for the Middle District of Georgia, Post Office Box 1702, Macon, Georgia 31202-1702. A copy of this Order and Declaration shall be attached to the Judgment and Commitment Order.

8. The Defendants and Government are hereby bound to the above terms upon the Court's entry of this Consent Order and Declaration of Restitution.

**SO ORDERED AND DECLARED BY CONSENT OF THE PARTIES**, this 30th day of September, 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**